UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION<br>21205 Little Tree Drive<br>Watertown, New York 13601-0719,<br><br>and<br><br>JULIUS SÄMANN LTD.<br>Chancery Hall<br>52 Reid Street<br>Hamilton HM12 Bermuda,<br><br>               Plaintiffs,<br><br>      v.<br><br>GETTY IMAGES, INC.<br>601 N. 34th Street Unit Main<br>Seattle, Washington, 98103,<br><br>               Defendant. | Civil Action No: 7:09-cv-1252 (GTS/GHL)<br><br>**COMPLAINT and JURY DEMAND** |

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

Plaintiffs, Car-Freshner Corporation ("CFC") and Julius Sämann Ltd. ("JSL"), allege as follows:

### Nature of the Action

1. This action is for (I) federal trademark infringement, (II) federal false designation of origin, (III) common law trademark infringement, (IV) common law unfair competition, (V) contributory trademark infringement, unfair competition and dilution, (VI) vicarious trademark infringement, unfair competition and dilution, (VII) federal dilution, and (VIII) dilution under New York law.

### Jurisdiction and Venue

2. The Court's jurisdiction over Counts I, II, V, VI and VII is based upon 15

U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338(a).  The Court's jurisdiction over Counts III, IV, and VIII is based upon 28 U.S.C. §§1367(a) and 1338(b).

3.      On information and belief, the Court has jurisdiction over Defendant pursuant to one or more of the provisions of CPLR §§ 302(a)(1)-(3) and/or BCL §§ 1314(b)(2)-(5).

4.      On information and belief, venue is proper in this District under 28 U.S.C. §§1391(b) and (c).

## The Parties and Their Businesses

5.      CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601-0719.

6.      JSL is a Bermuda corporation that has a place of business at Chancery Hall, 52 Reid Street, Hamilton HM12, Bermuda.

7.      On information and belief, Defendant Getty Images, Inc. ("Getty") is a Delaware corporation that has a business address at 601 N. 34th Street Unit Main, Seattle, Washington, 98103.

8.      On information and belief, Defendant Getty promotes and licenses digital media for commercial use through the web site located at http://www.gettyimages.com (the "Getty Images Web Site").

9.      On information and belief, Defendant Getty promotes and licenses digital media for commercial use through the Getty Images Web Site to customers located in the State of New York.

10.     On information and belief, Defendant Getty promotes and licenses digital media for commercial use through the Getty Images Web Site to customers located in this judicial district.

11. On information and belief, Defendant Getty is doing business in the State of New York.

12. On information and belief, Defendant Getty is doing business in this judicial district.

13. For over 55 years, directly and/or by license from JSL and its predecessors, Plaintiff CFC and its predecessors have manufactured and marketed products using distinctive Tree designs as trademarks and corporate identifiers. As a result of this long and extensive usage on quality products and this long and extensive usage as corporate identifiers, the distinctive Tree design marks are well known and well received.

14. JSL owns the following federal trademark registrations for distinctive Tree designs (collectively the "Tree design Marks"):

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| [tree design image] | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| [tree design image] | 1,131,617 | March 11, 1980 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| | 1,726,888 | October 27, 1992 | Cleaning products; namely, residue and stain removers for automotive and home surfaces in International Class 3; and automotive accessories; namely, antenna toppers in International Class 12 |
| | 1,781,016 | July 13, 1993 | Air freshener, in International Class 5 |
| | 1,791,233 | September 7, 1993 | Air fresheners, in International Class 5 |
| | 2,741,364 | July 29, 2003 | Travel bags, in International Class 18; and shirts, sweatshirts, t-shirts and caps, in International Class 25 |

15.    The above-noted federal registrations for the Tree design Marks are valid and subsisting.

16.    JSL also has common law trademark rights to the Tree design Marks, which are used in commerce in connection with various goods.

17.    CFC is a licensee of JSL's common law and registered trademarks that are the

4

subject of this legal action, including those trademarks which are the subject of the registrations identified in paragraph 14 above.

18. The Tree design Marks are used extensively on air fresheners, apparel and other goods.

19. JSL actively licenses the Tree design Marks to third parties for various goods and services. CFC has a password-protected image library where its business partners can download various images incorporating JSL's Tree Design Marks. In addition, the Tree design Marks are promoted for use by the public as computer screen wallpaper and Instant Messaging icons.

20. The Tree design Marks are famous, are inherently distinctive and/or have acquired distinctiveness, represent valuable goodwill, have gained a reputation for quality belonging exclusively to Plaintiff JSL, and are widely recognized by the general consuming public of the United States as designations of source for Plaintiffs' products.

21. Plaintiffs' products incorporating and/or bearing the Tree design Marks are promoted in the marketplace and on the Internet.

**Defendant's Conduct Constitutes Infringement, Unfair Competition and Dilution**

22. Prior to filing this action, Plaintiffs learned that Defendant was promoting and licensing digital media for commercial use through the Getty Images Web Site that included one or more tree designs which are identical to, virtually indistinguishable from and/or confusingly similar to Plaintiffs' distinctive Tree design Marks ("Defendant's Images"). Representative examples of these images are collectively attached as Exhibit A.

23. Defendant offers royalty-free and rights-managed licenses of Defendant's Images to third parties. The rights-managed licenses vary in price based on proposed use in territory, industry, duration, placement or print run. The royalty free licenses vary in price based upon resolution (pixel size).

24. On information and belief, one or more of Defendant's Images have been licensed for use by customers located within the State of New York, this judicial district and elsewhere.

25. On information and belief, Defendant engaged in its unauthorized and complained of conduct with full knowledge of the value and fame of the Tree design Marks, and long after the Tree design Marks had become famous.

26. Defendant's promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site constitutes use in commerce.

27. Defendant's promoting and licensing Defendant's Images for commercial use are likely to lead to confusion as to the source or origin of Defendant's Images, in that purchasers and users of Defendant's Images are likely to believe that they originate from, are sponsored by, are approved by, or in some way are affiliated with Plaintiffs.

28. Defendant has intentionally induced others (*i.e.*, Getty's customers) to infringe, unfairly compete with and/or dilute the Tree design Marks, by promoting and providing Defendant's Images for use by others.

29. Defendant has continued to supply Defendant's Images to others (*i.e.*, Getty's customers) with the knowledge that they are engaging in trademark infringement, unfair competition and/or dilution with respect to Plaintiffs' Tree design Marks.

30. The photographers who created Defendant's Images that include one or more tree designs that are identical to, virtually indistinguishable from and/or confusingly similar to Plaintiffs' distinctive Tree design Marks also have engaged in acts of trademark infringement, unfair competition and/or dilution with respect to Plaintiffs' Tree design Marks.

31. On information and belief, Defendant and the photographers have an apparent or actual partnership, have authority to bind one another in transactions with third parties and/or exercise joint ownership or control over Defendant's Images.

32. Defendant's promoting and licensing Defendant's Images for commercial use constitute an injury to Plaintiffs' business reputation.

33. Defendant's promoting and licensing Defendant's Images for commercial use constitute dilution of, and further are likely to cause dilution by blurring and/or dilution by tarnishment of, the distinctive quality of the Tree design Marks and products associated therewith, regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury to Plaintiffs.

34. Defendant's promoting and licensing Defendant's Images for commercial use constitute unfair competition and false designation of origin in violation of federal and New York state law.

35. On information and belief, Defendant promoted and licensed Defendant's Images for commercial use long after Plaintiffs began extensively using the Tree design Marks on various products in commerce in the United States.

36. On information and belief, even after receiving written notification of Plaintiff's trademark registrations and Plaintiff's trademark rights, Defendant continues to promote and license Defendant's Images.

37. Plaintiffs have no control as to the quality or commercial use of Defendant's Images.

38. The activities of Defendant complained of herein have damaged and are continuing to damage Plaintiffs.

39. On information and belief, the activities of Defendant complained of herein were committed and are being committed willfully and intentionally in knowing disregard of Plaintiffs' trademark rights.

40. The wrongful activities of Defendant alleged herein have unjustly enriched

7

Defendant to the damage and detriment of Plaintiffs.

41. The wrongful activities of Defendant alleged herein have irreparably harmed and continue to irreparably harm Plaintiffs, and these activities will continue unless enjoined by this Court.

## COUNT I
### Federal Trademark Infringement

42. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

43. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — constitutes federal trademark infringement under 15 U.S.C. §1114(1).

44. During the period in which Defendant is infringing, Plaintiffs have no adequate remedy at law.

## COUNT II
### Federal False Designation of Origin

45. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

46. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — constitutes federal false designation of origin under 15 U.S.C. §1125(a).

47. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## COUNT III
### Common Law Trademark Infringement

48. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

49. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — constitutes trademark infringement under

8

the common law of the State of New York.

50. During the period in which Defendant is infringing, Plaintiffs have no adequate remedy at law.

## COUNT IV
### Common Law Unfair Competition

51. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

52. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — constitutes unfair competition under the common law of the State of New York.

53. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## COUNT V
### Contributory Trademark Infringement, Unfair Competition and Dilution

54. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

55. Defendant's conduct — *i.e.*, intentionally inducing others (*i.e.*, Getty's customers) to infringe, unfairly compete with and/or dilute the Tree design Marks, by promoting and licensing Defendant's Images for commercial use by others — constitutes contributory trademark infringement, unfair competition and/or dilution under federal and state law.

56. Defendant's conduct — *i.e.*, continuing to supply Defendant's Images to others (*i.e.*, Getty's customers) with knowledge that they are engaging in trademark infringement, unfair competition and/or dilution — constitutes contributory trademark infringement, unfair competition and/or dilution under federal and state law.

57. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VI
### Vicarious Trademark Infringement, Unfair Competition and Dilution

58. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

59. Defendant's conduct — *i.e.*, having an apparent or actual partnership with the photographers who created Defendant's Images and/or the licensees for Defendant's Images — constitutes vicarious trademark infringement, unfair competition and/or dilution.

60. Defendant's conduct — *i.e.*, having the authority to bind in transactions with third parties the photographers who created Defendant's Images — constitutes vicarious trademark infringement, unfair competition and/or dilution under federal and state law.

61. Defendant's conduct — *i.e.*, exercising joint ownership or control over Defendant's Images created by photographers — constitutes vicarious trademark infringement, unfair competition and/or dilution under federal and state law.

62. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VII
### Federal Dilution

63. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

64. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — creates an association between Plaintiffs and/or their products on the one hand, and Defendant and/or Defendant's Images on the other hand, arising from the Defendant's use of the unauthorized tree designs that impair the distinctiveness of Plaintiffs' famous and distinctive Tree design Marks.

65. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — creates an association between Plaintiffs, Plaintiffs' Tree design Marks and/or Plaintiffs' products on the one hand, and Defendant and/or

Defendant's Images on the other hand, arising from the similarities between the parties' respective marks that harms the reputation of Plaintiffs' famous and distinctive Tree design Marks.

66. Defendant's conduct — *i.e.*, promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site — is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiffs' famous and distinctive Tree design Marks, regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury.

67. Defendant's conduct constitutes dilution under 15 U.S.C. § 1125(c).

68. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VIII
### Trademark Dilution – New York State Law

69. Plaintiffs incorporate paragraphs 1-41 above as if fully set forth at length.

70. The Tree design Marks are distinctive, and have enjoyed such distinctiveness since long before the time Defendants commenced promoting and licensing Defendant's Images through the Getty Images Web Site.

71. Defendant's promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site are likely to injure the business reputation and/or dilute the quality of the Tree design Marks.

72. By virtue of the foregoing, Defendant's promoting and licensing Defendant's Images for commercial use through the Getty Images Web Site lessen the capacity of Plaintiff's Tree design Marks to identify and distinguish Plaintiffs' goods and blur the source-identifying capacity of Plaintiffs' Tree design Marks, resulting in a likelihood of dilution of the distinctive

quality of Plaintiffs' Tree design Marks.

73. Defendant's activities as described above constitute injury to Plaintiffs' business reputation and dilution of the distinctive quality of Plaintiffs' Tree design Marks, in violation of Section 360-l of the New York General Business Law.

74. During the period in which Defendant's activities continue, Plaintiffs have no adequate remedy at law.

## Relief Requested

Plaintiffs respectfully request:

a. An injunction temporarily, preliminarily and permanently enjoining Defendant, including its respective directors, officers, employees, agents, affiliated or otherwise related companies, suppliers (*i.e.*, photographers and/or other image providers), customers and their successors and assigns from using the unauthorized tree designs, Plaintiffs' Tree design Marks, or any colorable imitation(s) thereof, from procuring, manufacturing, advertising, distributing, licensing and/or selling any images and/or merchandise associated therewith, and from any other continued acts of trademark infringement, false designation of origin, unfair competition, or dilution, directly, contributorily, vicariously, or otherwise;

b. An Order and Judgment directing Defendant to remove any and all images of the unauthorized tree designs, Plaintiffs' Tree design Marks, or any colorable imitation(s) thereof, from all products, the Getty Images Web Site (http://www.gettyimages.com), as well as any other web sites or promotional materials, whether electronic, printed or otherwise, under the direct or indirect dominion and control of Defendant;

c. An award of Defendant's profits and a trebling thereof;

d. An award of Plaintiffs' damages and a trebling thereof;

e. An award of punitive damages for Defendant's acts of common law trademark

infringement and common law unfair competition;

    f.    The seizure, delivery and destruction of Defendant's Images and all materials that infringe and/or dilute Plaintiffs' Tree design Marks;

    g.    Plaintiffs' attorneys' fees because this is an exceptional case;

    h.    Prejudgment interest;

    i.    Plaintiffs' costs; and

    j.    Such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    MACKENZIE HUGHES LLP

Dated: November 9, 2009    By:    *s/ Nancy L. Pontius*
    Nancy L. Pontius [102379]
    101 South Salina Street, Suite 600
    P.O. Box 4967
    Syracuse, New York 13221-4967
    Telephone: (315) 233-8281
    Facsimile: (315) 426-8358
    npontius@mackenziehughes.com

    Roberta S. Bren [501683]
    Jonathan Hudis [507478]
    OBLON, SPIVAK, McCLELLAND,
    MAIER & NEUSTADT, L.L.P.
    1940 Duke Street
    Alexandria, Virginia 22314
    Telephone: (703) 413-3000
    Facsimile: (703) 413-2220
    rbren@oblon.com
    jhudis@oblon.com

    Attorneys for Plaintiffs
    Car-Freshner Corporation and
    Julius Sämann Ltd.

**JURY DEMAND**

      Pursuant to Rules 38(b) and 38(c), Fed. R. Civ. P., Plaintiffs herein request a trial by jury for all issues so triable.

                                         Respectfully submitted,

                                         MACKENZIE HUGHES LLP

Dated:  November 9, 2009        By:    *s/ Nancy L. Pontius*
                                                    Nancy L. Pontius [102379]
                                                    101 South Salina Street, Suite 600
                                                    P.O. Box 4967
                                                    Syracuse, New York 13221-4967
                                                    Telephone: (315) 233-8281
                                                    Facsimile: (315) 426-8358
                                                    npontius@mackenziehughes.com

                                                    Roberta S. Bren [501683]
                                                    Jonathan Hudis [507478]
                                                    OBLON, SPIVAK, McCLELLAND,
                                                    MAIER & NEUSTADT, L.L.P.
                                                    1940 Duke Street
                                                    Alexandria, Virginia  22314
                                                    Telephone: (703) 413-3000
                                                    Facsimile: (703) 413-2220
                                                    rbren@oblon.com
                                                    jhudis@oblon.com

                                                    Attorneys for Plaintiffs
                                                    Car-Freshner Corporation and
                                                    Julius Sämann Ltd.