**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., | ) ) ) |
| Plaintiffs, | ) Civil Action No: 7:09-cv-1252 (GTS/DEP) ) |
| v. | ) ) |
| GETTY IMAGES, INC. and GETTY IMAGES (US), INC., | ) ) ) |
| Defendants. | ) ) |

**THIRD SUPPLEMENTAL**
**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the occasion to disclose information deemed by such party to constitute confidential proprietary information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

1.      Any documents, answers to interrogatories or document requests, deposition transcripts, or portions thereof, responses to requests for admissions, or any other material or portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Highly Confidential" by counsel for the party producing such Material at the time of its production.  Third parties who produce or disclose documents or information in this action may also so designate documents and thereby avail themselves of the protections of this Stipulated Protective Order, if they agree to be bound by its terms and conditions.

2.      To the extent that Material is marked Confidential, such material shall only be

revealed to or used by the following persons:

(a)     outside counsel employed by any Party to assist in the Action and the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such counsel who are assisting in the Action;

(b)     the following in-house counsel and legal assistants to the extent necessary and for the sole purpose of assisting in this Action: for Plaintiffs, Daniel Sämann and Lacey Northrup; and for Defendants, Lizanne Vaughan and Heather Cameron;

(c)     any outside consultant or expert who is assisting counsel or a party to the Action, to whom it is necessary to disclose Confidential Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this Action, who has first read and signed the Non-Disclosure Undertaking attached as an Exhibit to this Stipulated Protective Order, as provided in paragraph 11;

(d)     the Court and any members of its staff to whom it is necessary to disclose Confidential Material for the purpose of assisting the Court in this Action; and

(e)     stenographic employees and court reporters recording or transcribing testimony relating to the Action.

3.     The parties recognize that there may be certain sensitive confidential, financial, business, and/or proprietary documents and information, the disclosure of which, even if limited to the persons listed in paragraph 2 above, may compromise and/or jeopardize the supplying party's interests ("Highly Confidential Material").  To the extent that Material is marked Highly Confidential, such Material shall only be revealed to or used by the following persons:

(a)     outside counsel employed by the Receiving Party to assist in the Action and the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such

counsel who are directly assisting in the Action;

(b)     any outside consultant or expert who is assisting counsel or a party to the Action, to whom it is necessary to disclose Highly Confidential Material for the purpose of assisting in, or consulting with respect to, the preparation of this Action, who has first read and signed the Non-Disclosure Undertaking attached as an Exhibit to this Stipulated Protective Order, as provided in paragraph 11;

(c)     the Court and any members of its staff to whom it is necessary to disclose Highly Confidential Material for the purpose of assisting the Court with respect to the Action; and

(d)     stenographic employees and court reporters recording or transcribing testimony relating to the Action.

4.     Confidential Material and Highly Confidential Material shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Stipulated Protective Order.  Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Highly Confidential in keeping with the producing party's designation and the same terms regarding confidentiality of these materials shall apply to the originals, and shall thereafter be referred to as Confidential Material or Highly Confidential Material as the case may be.  Such Material shall be used only for purposes directly related to this action, and for no other purpose whatsoever.

5.     Acceptance by a party of any Material designated as Confidential or Highly Confidential shall not constitute a concession that the Material is confidential.  Any party may contest a claim of confidentiality or the claimed level of confidentiality.  In the event that the receiving party disagrees with the designation and marking by any producing party of any

Material as Confidential or Highly Confidential, the parties shall first try to resolve their dispute on an informal basis.  If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.

6.      Any party may request at any time permission to disclose Confidential or Highly Confidential Material to a person other than those permitted under paragraphs 2 or 3 above (or to use such Material in a manner prohibited by this Stipulated Protective Order) by serving a written request upon the supplying party's counsel, by a method that ensures proof of receipt by the addressee. Any such request shall state the Material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose(s) therefor. The supplying party or its counsel shall thereafter respond to the request in writing within ten (10) business days of its receipt of such request. If consent is withheld, the supplying party or its counsel shall state the reasons why it is withholding such consent.  If, where consent is withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the supplying party's designation of the material as Confidential or Highly Confidential unless and until differing treatment is directed pursuant to order of the Court.

7.      The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to come within the term Highly Confidential Material referred to in paragraph 3 of this Protective Order for a period ending ten (10) business days after the transcript is received by counsel.  During any deposition and/or on or before the tenth (10th) business day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Highly Confidential by counsel for the disclosing party, and the portions of the

transcript of the deposition so marked shall be subject to the provisions of this Stipulated Protective Order.

8.      A party (or its counsel) may designate deposition or other testimony as Confidential or Highly Confidential by any of the following means:

(a)      stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Highly Confidential, in which case the court reporter shall mark each page as provided in paragraph 7  above; or

(b)      sending written notice to all other parties within ten (10) business days of receipt of the transcript of a deposition, designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential or Highly Confidential, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

9.      Where Material contains portions which have been designated Confidential or Highly Confidential, such Material shall be deleted therefrom before disclosing such Material to any person other than as designated in paragraphs 2 and 3.

10.      Deletions made from any Material in accordance with the terms of this Stipulated Protective Order shall not affect the admissibility of any such Material in evidence in this action.

11.      Prior to any disclosure of any Confidential or Highly Confidential Material to any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, such person shall be provided by counsel with a copy of this Stipulated Protective Order and shall sign a Non-Disclosure Undertaking in the form attached as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Undertaking, hold it in

escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12.     If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced without limitation should be designated as Confidential or Highly Confidential, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.  If at any time a producing party realizes that Material previously designated Confidential or Highly Confidential should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

13.     If Confidential or Highly Confidential Material is to be made of record in this action, it shall be submitted to the Court in a separate sealed envelope or other sealed container bearing the caption of this action, the civil action number, an indication of the general nature of the contents of the envelope or container, and, in large letters, a designation such as "CONFIDENTIAL [OR HIGHLY CONFIDENTIAL], SUBJECT TO PROTECTIVE ORDER." Nothing contained in this Stipulation shall preclude any party from using its own Confidential Material or Highly Confidential Material in any manner it sees fit, without prior consent of any party or the Court, or in any way restricts the right of any party to use, for any purpose, documents or information (a) now lawfully in that party's possession, (b) obtained by lawful means other than pre-trial discovery or trial subpoena in this Action, or (c) that become publicly available.

14.     After this action is finally completed, including all appeals, counsel for all parties

shall destroy or return all Confidential or Highly Confidential Material and copies to the producing party.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.

HANCOCK ESTABROOK, LLP

By: */s/ Ashley D. Hayes*
Ashley D. Hayes [511333]
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
(315) 565-4526
(315) 565-4626 Fax

Dated: _____ March 27, 2012 _____

Roberta S. Bren [501683]
Jonathan Hudis [507478]
OBLON, SPIVAK, McCLLELLAND,
  MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, Virginia  22314
(703) 413-3000
(703) 413-2220 Fax

        And

Edward T. Colbert (Admission Pending)
Michelle Mancino Marsh [516463]
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
(212) 425-7200
 (212) 425-5288 Fax

Attorneys for Plaintiffs

HISCOCK & BARCLAY, LLP

By: */s/ Douglas J. Nash*
Douglas J. Nash [511889]
200 South State Street
Syracuse, New York 13202-2078
(315) 422-2131
(315) 425-8544 Fax

Dated: _____ March 27, 2012 _____

        And

James Rosenfeld (Pro Hac Vice)
Christopher J. Robinson (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
27th Floor
New York, New York 10019-6708
(212) 603-6455
(212) 379-5205

Attorneys for Defendants

SO ORDERED, this ___ day of _____, 2012

_____
Hon. David E. Peebles
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., | ) ) ) |
| Plaintiffs, | ) Civil Action No: 7:09-cv-1252 (GTS/GHL) ) |
| v. | ) ) |
| GETTY IMAGES, INC. and  GETTY IMAGES (US), INC., | ) ) ) |
| Defendants. | ) |

## NON-DISCLOSURE UNDERTAKING

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all disclosed information to the party or attorney from whom I received it.  By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject to me punishment for contempt of Court.

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

RSB:JH:klb {6626313_1.DOC}